IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOL PENNSYLVANIA COAL COMPANY, LLC, </br></br> Plaintiff, </br></br> v. </br></br> MAHALAXMI CONTINENTAL LIMITED, MAHALAXMI INDIA PRIVATE LIMITED, MAHALAXMI ASSOCIATES PRIVATE LIMITED, MAA KAMAKHYA COKE INDUSTRIES, MAHALAXMI WELLMAN FUEL LLP, and UNIVERSAL OVERSEAS PTE LTD., </br></br> Defendants. | Civil Action No. 22-781 |

### MEMORANDUM ORDER

AND NOW, this 7th day of June, 2022, upon consideration of Plaintiff's Emergency Motion for Issuance of a Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion"), in which Plaintiff seeks to enjoin the American Arbitration Association ("AAA") and Defendants from proceeding with arbitration of a particular matter because Plaintiff objects to the jurisdiction of the AAA to preside over the matter, and Plaintiff's Rule 65(b)(1)(B) Certification of Notice (the "Notice"), (Docket Nos. 6, 8), IT IS HEREBY ORDERED that Plaintiff's Emergency Motion is DENIED WITHOUT PREJUDICE, given that the Emergency Motion and Notice fail to comply with ¶ II.F of the undersigned's Practices and Procedures governing injunctions and temporary restraining orders (available at https://www.pawd.uscourts.gov/sites/pawd/files/Practices_Procedures_Judge_Hardy_10_21.pdf) in the following respects:

- The Notice avers that Plaintiff's counsel "certifies that the Emergency Motion was provided to the AAA and the Defendants via [certain] email addresses used in the

arbitration proceeding" as listed in the Notice. (Docket No. 8, ¶ 9). Therefore, Plaintiff's counsel "verifies that a concerted effort was made (as detailed in the Emergency Motion . . . ) to advise counsel for the Defendants of this Civil Action."[1] (*Id.*, ¶ 10). While a concerted effort may have been made to advise Defendants' counsel of the civil action itself, the record presently before the Court calls into question Plaintiff's efforts to provide Defendants' counsel with notice of the Emergency Motion seeking a temporary restraining order.[2] To that end, although Plaintiff avers that the Emergency Motion was provided to the AAA and the Defendants via the email addresses used in the arbitration proceeding, Plaintiff has not attached that email communication as an exhibit to its Emergency Motion or Notice, despite having attached to both filings various other correspondence related to the lawsuit. Consequently, the Court is unable to satisfy itself on the present record that Plaintiff made serious efforts to contact Defendants and provide them with the Emergency Motion prior to seeking relief in the form of a temporary restraining order. This is contrary to ¶ II.F of the undersigned's Practices and Procedures requiring that "[a] party seeking an injunction or temporary restraining order must demonstrate having made serious efforts to contact the opposing party or its counsel prior to seeking relief, which must be supported by affidavit in accordance with Fed. R. Civ. P. 65(b)." Consequently, as set forth in ¶ II.F, "the Court will not hold a hearing on the matter or issue a temporary restraining order."

- Plaintiff has failed to attach to its Emergency Motion proposed findings of fact and conclusions of law, which is contrary to the following requirement of ¶ II.F: "[t]he papers in support of a motion for temporary restraining order or preliminary injunction should include affidavit(s) in support of the motion with all relevant documents attached thereto. Any response to the motion for temporary restraining order or preliminary injunction should be accompanied by affidavit(s). ***Both motions and responses must attach proposed findings of fact and conclusions of law.***" (emphasis added).

---

[1] Relatedly, Plaintiff states in the Emergency Motion, "[i]n compliance with Rule 65(b) of the Federal Rules of Civil Procedure, counsel for Plaintiff verifies that it has made a concerted effort . . . to advise counsel for the Defendants of this ***civil action***." (Docket No. 6 at 4) (emphasis added). To be clear, Rule 65(b) authorizes the Court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Hence, Rule 65(b) specifically addresses a temporary restraining order and notice related thereto, not notice of the lawsuit itself. The record here indicates that Plaintiff's counsel provided Defendants' counsel with notice of the lawsuit at least as of May 29, 2022. *See infra*, n.2. As discussed, Plaintiff's counsel avers that the Emergency Motion was emailed to Defendants' counsel, but the email is not included as part of the record, unlike other correspondence as noted herein.

[2] *See* Docket No. 8, Ex. B (wherein Plaintiff's counsel advises in a letter dated May 24, 2022 addressed to the AAA and Defendants' counsel that "a 'Complaint for Declaratory Judgment and Request for Injunctive Relief' will be filed in the U.S. District Court for the Western District of Pennsylvania shortly," but mentioning nothing concerning a temporary restraining order); *see also* Docket No. 6 at 3-4 (describing efforts to effectuate service of Complaint) and Docket No. 6-6 (wherein Plaintiff's counsel indicates in an email dated May 29, 2022 to Defendants' counsel that a declaratory judgment action has been filed in this District, providing a copy of the Complaint as a professional courtesy, inquiring whether Defendants will agree to waive service, and further stating that "my office is prepared to file a motion for temporary restraining order to enjoin arbitration" in the interim, but not providing said motion given that it was not filed until June 6, 2022).

To the extent Plaintiff elects to pursue its request for a temporary restraining order and injunctive relief, any future filings shall correct the deficiencies identified herein and otherwise comply with ¶ II.F of the undersigned's Practices and Procedures, as well as Federal Rule of Civil Procedure 65(b).  Moreover, proposed findings of fact and conclusions of law included with any future filings by Plaintiff must address whether this Court may exercise personal jurisdiction over Defendants given the averments in the Complaint that they are foreign companies.  (*See* Docket No. 1, ¶¶ 2-9).

In view of the fact that Plaintiff's Emergency Motion is denied without prejudice, IT IS FURTHER ORDERED that Plaintiff's Motion to Seal Exhibits 3, 8, 9, 10 and 14 to Its Motion for a Temporary Restraining Order, (Docket No. 7), is DENIED AS MOOT.

> *s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf:  All counsel of record