**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CONSOL PENNSYLVANIA COAL           )
COMPANY, LLC,                      )
               Plaintiff,            )
                                  )
    v.                            )
                                  )
MAHALAXMI CONTINENTAL LIMITED,      )
MAHALAXMI INDIA PRIVATE LIMITED,    )   Civil Action No. 22-781
MAHALAXMI ASSOCIATES PRIVATE        )
LIMITED, MAA KAMAKHYA COKE          )
INDUSTRIES, MAHALAXMI WELLMAN       )
FUEL LLP, and UNIVERSAL OVERSEAS    )
PTE LTD.,                           )
                                  )
               Defendants.           )

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Plaintiff Consol Pennsylvania Coal Company LLC's Motion for Issuance of Temporary Restraining Order and/or Preliminary Injunction (Docket No. 12).  The Court has reviewed the Motion, supporting brief and exhibits (Docket Nos. 13; 13-1 to 13-22), including the affidavit of Robert Braithwaite (Docket No. 13-1), Supplement to Rule 65(b)(1)(B) Certification of Notice and Exhibits in Support of same (Docket Nos. 16; 17-1; 17-2), and Plaintiff's Proposed Order and Findings of Fact and Conclusions of Law.  (Docket No. 13-23). The Court further notes that Plaintiff has "made serious efforts to contact the opposing party or its counsel prior to seeking relief," as required by ¶ II.F of the undersigned's Practices and Procedures, by providing written notice of the Motion to Defendants and to the American Arbitration Association ("AAA").  (*See* Docket Nos. 13-9; 16; 17-1).

Plaintiff requests that the Court issue a temporary restraining order ("TRO") enjoining Defendants and the AAA from proceeding with an arbitration pertaining to the Demand for

Arbitration ("Demand") at AAA Case No. 01-22-0001-9160 filed by Defendants on May 10, 2022. (Docket Nos. 13-3; 19).

After careful consideration of Plaintiff's Motion and supporting brief, the Court is persuaded that Plaintiff has met the standard for obtaining a TRO, and the Court will therefore enter a TRO and defer ruling on Plaintiff's request for a preliminary injunction.

## I. <u>STANDARD OF REVIEW</u>

A party seeking a TRO must establish (1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest. *See Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). The requirements for a TRO are the same as those for a preliminary injunction. *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003). The Court finds that each of these four elements is satisfied.  In so ruling, the Court notes that the primary purpose of a temporary restraining order and/or preliminary injunction is to preserve the status quo until a decision can be made on the merits.  *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

## II. <u>DISCUSSION</u>

First, the Court agrees with the argument and reasoning of Plaintiff's brief and finds that the facts averred in the Complaint establish more than a reasonable probability of success on the merits such that a TRO should issue. To establish a reasonable probability of success on the merits such that a TRO should issue, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc*., 276 F.3d 160, 173 (3d Cir. 2001)*; see also Reilly v. City of Harrisburg,* 858 F.3d 173, 179 n.3 (3d Cir. 2017) ("[The court does] not require at the preliminary stage a more-likely-than-not showing of success on the merits because

a likelihood of success on the merits does not mean more likely than not.") (internal quotation marks and citation omitted).  Plaintiff has met this burden with the allegations of the Complaint and supporting exhibits.

Plaintiff avers that it never agreed to Defendants' proposed purchase order containing an arbitration provision and thus that purported agreement is not enforceable pursuant to Pennsylvania's statute of frauds, 13 Pa. C.S.A. § 2201.  Plaintiff also avers that instead of accepting Defendants' purchase order as originally proposed, it sent Defendants a "revised" proposed purchase order on May 10, 2021, to which Defendants made a counteroffer on May 26, 2021, proposing modifications to numerous material terms that Plaintiff ultimately rejected.  Plaintiff informed Defendants that it would not approve any deal and that further discussions of a coal purchase would not occur without the express approval of Plaintiff's Risk Management Committee.  Given Plaintiff's allegations, at this juncture, Plaintiff has established more than a reasonable probability of success on the merits.

Second, the Court finds that the allegations of the Complaint and supporting exhibits demonstrate that a TRO is necessary to prevent immediate and irreparable harm to Plaintiff. Plaintiff has shown sufficiently that, absent a TRO, Defendants are likely to harm Plaintiff by requiring it to submit to arbitration when it did not agree to do so.  *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990) ("[T]he harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of any arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority.") (*overruled on other grounds by Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002)); *see also AT&T Techs., Inc. v. Communications Workers of Am.*, 475

U.S. 643, 648 (1986) (observing that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (citation omitted).

Third, the Court finds that the balance of harms clearly and strongly weighs in favor of Plaintiff. Defendants will not be harmed in any significant manner by the requested TRO. Defendants are merely prevented from proceeding with the arbitration process while the Court discerns arbitrability, thus resulting in, at most, a delay in adjudicating the dispute. In contrast, if the Court were to deny the TRO, Plaintiff may be harmed by being forced to adjudicate this dispute without a jury in a forum to which it did not consent and which may not have proper jurisdiction over it.

Fourth, the granting of a TRO in this case is in the public interest. The public has a strong interest in protecting Plaintiff's right to access a court of competent jurisdiction and for such court to adjudicate a dispute properly before it. The TRO would not permanently prevent the Defendants from adjudicating this dispute in an arbitral forum, which also is important to the public interest, after due and just consideration of the merits of this action.

Therefore, the Court finds that all four elements are satisfied and necessitate granting a TRO in favor of Plaintiff.

### III.  NO BOND IS REQUIRED IN THIS INSTANCE

The Court finds that Defendants will suffer little, if any, damages if this TRO was entered wrongfully, and therefore, pursuant to Federal Rule of Civil Procedure 65(c), the Court will require no bond. *See* Fed. R. Civ. P. 65(c); *N. Pa. Legal Servs., Inc. v. Lackawanna Cnty*., 513 F. Supp. 678, 685-86 (M.D. Pa. 1981) (requiring nominal bond of $100); *Brookins v. Bonnell,* 362 F. Supp. 379, 384 (E.D. Pa. 1973) (requiring no bond).

IV. **CONCLUSION**

The Court is satisfied that Defendants will not be harmed in any significant way by the granting of a TRO.  Plaintiff has established all the requirements of Rule 65(b) and is entitled to entry of a TRO under the relevant case law.

An appropriate order follows.

**ORDER OF COURT**

AND NOW, this 14th day of June, 2022, upon consideration of Plaintiff's Motion for Issuance of Temporary Restraining Order and/or Preliminary Injunction, (Docket No. 12), and having determined that: (1) Plaintiff has established a likelihood of success on the merits; (2) Plaintiff will suffer irreparable harm if the TRO is denied; (3) granting the TRO will not result in irreparable harm to Defendants; and (4) granting the TRO is in the public interest, IT IS HEREBY ORDERED that said Motion is GRANTED as to Plaintiff's request for a TRO only.

IT IS FURTHER ORDERED as follows:

1) Defendants are temporarily enjoined, restrained, and prohibited from advancing their Demand for Arbitration at AAA Case No. 01-22-0001-9160 under the auspices of the American Arbitration Association ("AAA") or any other alternative dispute resolution service or platform;

2) The AAA is temporarily enjoined from further processing Defendants' Demand for Arbitration at AAA Case No. 01-22-0001-9160, which is hereby STAYED pending further Order of Court;

3) Nothing contained in this Order shall preclude the AAA from communicating with Plaintiff and Defendants, and their counsel, concerning non-substantive administrative matters pertaining to AAA Case No. 01-22-0001-9160;

4) A decision on Plaintiff's request for a preliminary injunction is hereby DEFERRED, and any additional briefing by the parties and a hearing, if necessary, on Plaintiff's request for a preliminary injunction will be scheduled by further Order of Court;

5) Plaintiff shall not be required to post bond, but security subsequently may be required upon motion of a party or other interested person or entity, or upon the Court's own initiative after notice and opportunity to be heard;

6) Plaintiff shall immediately provide a copy of this Memorandum and Order of Court to counsel for Defendants and the AAA via email correspondence; and,

7) This Order shall remain in effect until modified or vacated by further Order of Court.


_W. Scott Hardy_
W. Scott Hardy
United States District Judge


cc/ecf: All counsel of record